Filed 2/27/13  P. v. Crandall CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056287 |
| v. | (Super.Ct.No. FSB902564) |
| DAVID ALLEN CRANDALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea bargain, defendant and appellant David Allen Crandall pleaded guilty to one count of lewd act on a child under the age of 14 (Pen. Code, § 288,

subd. (a)),[1] and one count of continuous sexual abuse (§ 288.5, subd. (a)). In return, the remaining counts charged in the information were dismissed.[2] The agreed-upon sentence was 24 years, consisting of the upper term of eight years under section 288, subdivision (a), and a consecutive upper term of 16 years under section 288.5, subdivision (a).

Defendant filed a timely notice of appeal from the sentence or other matters occurring after the plea and from the denial of a motion to suppress evidence pursuant to section 1538.5.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record and have found no sentencing error, nor any other post-plea error. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In reaching this conclusion, we examined several matters mentioned by appointed counsel but not argued. We conclude that the record shows that defendant entered his guilty plea willingly, knowingly and intelligently, after proper advisement of the terms and consequences of the proposed plea, and that there was an adequate factual basis for

---

[1] All further statutory citations refer to the Penal Code.

[2] The first amended information alleged a total of 25 counts of various types of sexual abuse against two minors.

the plea found in the transcript of the preliminary hearing, as stipulated by the parties. We note, however, that in the absence of a certificate of probable cause, any issues pertaining to the validity of the plea are not cognizable on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

We have also examined whether it might be argued that trial counsel provided constitutionally deficient representation by failing to request a certificate of probable cause to obtain review of the trial court's denial of defendant's motion to suppress his statement to law enforcement on grounds of violation of *Miranda v. Arizona* (1966) 384 U.S. 436. We conclude that although it is arguable, the issue must be raised, if at all, on habeas corpus because the record does not either show the reason for counsel's act or omission or show that there could be no acceptable reason for it. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER       

J.

We concur:

HOLLENHORST    
      Acting P. J.


CODRINGTON     
      J.